SUSAN L. MARSH *et al. vs.* RICHARD S. MOORE *et al.*

JULY 2, 1932.

PRESENT: Stearns, C.J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J.   This is an appeal by respondents from a decree of the Superior Court denying their motions to quash a writ of attachment which was ordered by said court to issue in a cause in equity.

The complainants, Susan L. Marsh and Ebenezer M. Marsh, the children and the sole heirs of Franklin P. and Lavinia A. Marsh, brought a suit in equity against Richard S. Moore, Marguerite A. Moore, his wife, and Richard S. Moore & Co., a Rhode Island corporation.

The bill of complaint alleges fraud and a combination by respondents to injure and defraud complainants.   The prin-

cipal relief sought is an injunction, an accounting and to have certain alleged fraudulent conveyances set aside.

The bill alleges that Franklin P. Marsh died intestate in 1928 and Lavinia A. Marsh died testate in 1930; that the estate of both of the persons deceased now belongs to complainants in equal shares; that Richard S. Moore was trustee under the will of Ebenezer Morgan; that the trust had terminated and the principal was payable to complainants in equal shares; that respondent Richard S. Moore was appointed by the Probate Court to administer the estates of Lavinia A. Marsh and Franklin P. Marsh, and has refused to deliver to complainants the property belonging to them and has appropriated the same for his own use; that in December, 1931, he caused to be formed a corporation under the name of R. S. Moore Co., Inc., to which corporation and to his wife he has transferred a large portion of the personal property owned by him or held by him in trust for complainants, with intent to hinder, delay and defraud his creditors.

There are other allegations of wrong-doing by respondents which need not be stated. A preliminary injunction was issued and thereafter, on motion of complainant Susan L. Marsh supported by her affidavit, the Superior Court entered an order granting a writ of attachment of the respondent's property. (G. L. 1923, C. 349, s. 27.)

Respondents contend that the order for attachment is improper because (a) the damages claimed are speculative and uncertain; (b) neither the bill of complaint nor the affidavit shows a cause of action based upon a contract upon which damages can be determined under the rules applying to contracts; (c) the cause of action is *ex delicto;* (d) as to Marguerite A. Moore and the corporation the writ should be quashed as the bill seeks to set aside fraudulent conveyances. Respondents do not object to the writ because the damages are unliquidated but because they are too speculative. These objections are without merit. The damages in a suit for an accounting are to be determined by the estab-

lished rules of law and equity. Until the amount is thus settled, the damages are uncertain but at no stage of the litigation can they be considered speculative.

Few states provide for attachments in equitable proceedings. The statute in this State is unlike any other that has come to the attention of the counsel or the court. It provides as follows:

"Sec. 27. In any cause in equity, at or after the filing of the bill, the complainant may move the superior court *ex parte* to issue a writ of attachment, to run against the property of the respondents or any respondent in said cause; and the court, in its discretion, if the cause be of such a nature that an attachment of property be for the proper security of the complainant, shall on such motion, properly supported by affidavits to be filed in said cause, enter an order granting a writ of attachment, which writ may command the attachment of the real and personal estate of the defendant, including his personal estate in the hands or possession of any person, copartnership, or corporation as the trustee of the defendant and his stock or shares in any banking association or other incorporated company, like a writ of attachment at law in conformity to the specific directions in said order; and shall be served in like manner and be subject to like incidents as a writ of attachment at law, and shall be returnable at such time, and for such *ad damnum*, as shall be directed in said order and stated in such writ. And all property so attached shall be held for the security of any final decree which the complainant may obtain in his favor in said cause in pursuance of the directions of the order granting such writ of attachment." This is a remedial statute and as such should be given a liberal interpretation. An attachment is a security given by law to a plaintiff to satisfy such judgment or decree as he may obtain.

There is a marked distinction between attachments under the statute in equity suits and attachments in actions at law. *Ladd* v. *Franklin Loan & Trust Co.*, 24 R. I. 311. The procedure as to service of the writ and the usual incidents of an

attachment in an equity cause and in an action at law are alike to the extent that they are applicable. In an action at law an original or *mesne* writ of attachment is issued on the affidavit of plaintiff or his agent of a valid claim sufficient to give jurisdiction to the court. The writ is issued without an order of the court and the particular property to be attached and the amount thereof is determined by the plaintiff. The procedure in a suit in equity is different, as a motion by complainant and an order by the court for the issuance of the writ is required. The order is discretionary with the court and may direct the attachment only of so much of the property of the respondent as the court shall decree.

The purpose and the effect of the statute is to enlarge the power of the court to insure the satisfaction of any judgment or decree that may be obtained. The court has power over its own process, and may, on a proper showing, reduce the amount of the attachment or dissolve it entirely if justice requires.

In the case at bar the respondents are charged with participation in a joint fraud. The suit is cognizable in a court of equity. The writ of attachment in the cause at bar was properly ordered to be issued.

The appeal of the respondents is denied.

The papers in the cause are ordered sent back to the Superior Court for further proceedings.

*Ralph M. Greenlaw, Philip C. Joslin, Edwin J. Tetlow,* for complainants.

*Henry M. Boss, Jr., Joseph W. Grimes,* for respondents.